UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAUN LYNDA,<br><br>                                 Plaintiff,<br><br>-against-<br><br>JETBLUE AIRWAYS CORPORATION,<br><br>                                 Defendant. | Docket No.:<br><br>**COMPLAINT**<br><br>**Plaintiff Demands Trial by Jury** |

Plaintiff SHAUN LYNDA by his attorneys, ROGER VICTOR ARCHIBALD, PLLC, as and for his Complaint against the Defendant, JETBLUE AIRWAYS CORPORATION (hereinafter "Defendant" or "JetBlue"), respectfully alleges as follows based upon personal knowledge as to its own acts and actions and upon information and belief as to all other matters:

### I. THE PARTIES

1. Plaintiff, SHAUN LYNDA, is a natural person residing in the State of New York, County of Kings.

2. Upon information and belief, Defendant is a domestic corporation doing and transacting business in the State of New York with main offices located at 27-01 Queens Plaza North, Long Island City, New York 11101.

### II. JURISDICTION

3. Personal jurisdiction herein over Defendant is derived from assertion of claims that arise under the laws of the United States, specifically the Federal Aviation Act of 1958, 49 U.S.C. 44902.

### III. VENUE

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b), because of Plaintiff's residence.

2

## IV. STATEMENT OF FACTS

5. Prior to November 28, 2019, Plaintiff purchased a ticket to board and travel on JetBlue Flight 1562 from Grantley Adams International Airport in Barbados to John F. Kennedy International Airport in New York.

6. On November 28, 2019, Plaintiff boarded JetBlue Flight 1562 as a passenger for hire having paid the necessary and proper fare and was the holder of a valid and confirmed ticket on said flight.

7. Upon information and belief, that at all times and places herein mentioned, Defendant was in full charge of the operation, management and control of the aircraft designated to carry passengers on JetBlue Flight 1562.

8. Before JetBlue Flight 1562 departed Barbados, there was a delay in takeoff due to a family of four rearranging their seats. Following the delay, Plaintiff questioned why the family of four was rewarded with an upgrade of seats to the front of the aircraft to which he was curtly informed "none of your business" by JetBlue employee, Jameel Arrieta. Plaintiff thereby remained silent in his seat.

9. Plaintiff was then offered a seat upgrade by another JetBlue employee who had witnessed his interaction with Ms. Arrieta. Moments after being upgraded to a seat in the front of the cabin, Ms. Arrieta abruptly demanded that Plaintiff return to his original seat. Plaintiff complied and returned to his original seat without resistance.

10. Following his return to his original seat, and without provocation, Ms. Arrieta knelt down on one knee beside Plaintiff and began patting his leg and inquired "Are you going to behave yourself?" as if Plaintiff were some type of animal or petulant child.

11. After Plaintiff questioned why Ms. Arrieta would ask him about his behavior as he was an educated man who had complied with all requests and never raised his voice, Ms. Arrieta bolted to the front of the plane and spoke to the captain, Jeremy Ingram Clay. Again, Plaintiff remained in his assigned seat.

12. Plaintiff was then refused passage and ordered to deplane by Defendant without sufficient investigation, reason, cause or justification despite asking to speak to the Captain, Jeremy Ingram Clay.

13. Plaintiff was escorted from JetBlue Flight 1562 at the behest of Defendant by the police and was brought to Immigration, held in custody, questioned and eventually led outside of Grantley Adams International Airport by the police.

14. JetBlue Flight 1562 thereafter continued on its flight plan, arriving in New York City as scheduled without Plaintiff on board.

15. As a result of Defendant's unwarranted refusal to carry Plaintiff, Plaintiff incurred damages, including without limitation additional cost for lodging accommodations, loss of business income due to the enforced stay in Barbados and his delay in reaching New York City, inability to spend the Thanksgiving holiday as planned with his family and further due to Plaintiff's embarrassment and public humility.

16. Subsequent to these events and following complaints by Plaintiff to the Department of Transportation, JetBlue allegedly researched the circumstances resulting in the deplaning of Plaintiff.

17. On or about December 12, 2019 a representative of JetBlue's Customer Support Executive Offices offering only a first name of "Nicole," issued correspondence to Plaintiff indicating that Plaintiff had been deplaned only after Plaintiff displayed behavior that their crewmembers observed or established to be disorderly, abusive, offensive, threatening, intimidating or violent and as a result was determined that Plaintiff could not

travel on his scheduled flight and his ticket was rebooked on the next available flight at no additional cost to him.

18. In fact, no such behavior was ever displayed by Plaintiff as was confirmed in a video of the incident prior to Plaintiff being deplaned where Plaintiff asked other passengers if he did anything wrong and one woman replied with, "no, you didn't do anything wrong." In fact, the manager at Grantley Adams International Airport in Barbados eventually apologized to Plaintiff.

19. Upon information and belief, JetBlue has fabricated these details in bad faith in order to provide a foundation for the deplaning of Plaintiff and the denial of Plaintiff's claims for damages.

20. Plaintiff's damages are solely due to the willful misstatements, racially motivated actions, carelessness, recklessness and negligence of the Defendant in and about the want of due process and proper care in the operation, management and control of the airline, and in particular, JetBlue Flight 1562.

21. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined upon the trial of this action.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

22. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1-21 herein as though more fully stated hereafter.

23. Plaintiff and Defendant entered into a contract for Plaintiff's individual transport on JetBlue Flight 1562 from Grantley Adams International Airport to John F. Kennedy International Airport in New York.

24. Plaintiff performed his obligation pursuant to said contract by paying the agreed ticket price and appearing at the scheduled time and place of departure on November 28, 2019.

25. Defendant breached said contract by failing to provide Plaintiff the service and use of

transport on JetBlue Flight 1562 from Grantley Adams International Airport to John F. Kennedy International Airport in New York on November 28, 2019.

26. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined upon the trial of this action.

## SECOND CAUSE OF ACTION
### (Violation of Federal Aviation Act of 1958)

27. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1-26 herein as though more fully stated hereafter.

28. JetBlue's actions in refusing Plaintiff transport on JetBlue Flight 1562 on November 28, 2019 are violative of the Federal Aviation Act of 1958 (49 U.S.C. 44902).

29. JetBlue has failed to demonstrate that it acted on evidence which would cause a reasonably careful and prudent air carrier of passengers to form an opinion that Plaintiff's presence about JetBlue Flight 1562 would or might be inimical to the safety of the flight.

30. JetBlue's actions were capricious, wanton, wholly without cause or justification, racially biased and further were irrational and unreasonable in light of the facts and circumstances.

31. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined upon the trial of this action.

## THIRD CAUSE OF ACTION
### (False Imprisonment)

32. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1-31 herein as though more fully stated hereafter.

33. In refusing Plaintiff passage on JetBlue Flight 1562 on November 28, 2019, JetBlue intentionally confined Plaintiff in Barbados, causing him to be detained and questioned by police in immigration, in another Country in the Caribbean, away from Plaintiff's residence and place

of work in New York State.

34. Plaintiff was conscious of his confinement in Barbados, did not consent to the confinement and the confinement was not otherwise privileged.

35. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined upon the trial of this action.

## FOURTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

36. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1-35 herein as though more fully stated hereafter.

37. As described herein, JetBlue engaged in outrageous conduct which caused severe emotional distress to Plaintiff.

38. JetBlue's conduct exceeded all reasonable bounds of decency.

39. Defendant's actions were intentional, willful, unwarranted and without any just cause or provocation.

40. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined upon the trial of this action.

## FIFTH CAUSE OF ACTION
### (Assault)

41. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1-40 herein as though more fully stated hereafter.

42. JetBlue employee Jameel Arrieta invasively touched the person of Plaintiff, by kneeling down on one knee at Plaintiff's seat, in his personal space and patting him on his leg and threatening him by inquiring if he was going to "behave" constitutes harmful and offensive bodily contact.

43. Jameel Arrieta, acting on behalf of JetBlue, intentionally placed Plaintiff in apprehension

of imminent harmful or offensive contact by patting him on his leg as if he were some type of animal, by inquiring if Plaintiff intended to behave, and by refusing to consider alternative means of resolution that would not involve harmful or offensive bodily contact.

44. Jameel Arrieta, acting on behalf of JetBlue, intentionally cause Plaintiff to become concerned that if he removed Ms. Arrieta's hand from his leg that he would be considered a threat and ordered from the plane, thus allowing the harmful and offensive bodily contact to continue.

45. By reason of Jameel Arrieta's actions on behalf of JetBlue, as described above, JetBlue committed an assault on Plaintiff.

46. Due to the assault inflicted on Plaintiff by JetBlue, Plaintiff was caused to suffer multiple physical and/or emotional injuries, has required medicines and medical attention and has been prevented and will be prevented from pursuing his usual and ordinary vocation, and has expended or incurred large sums and will be required to expend and incur additional sums for medical and other attention.

47. By reason of the assault inflicted on Plaintiff by JetBlue, Plaintiff has been damaged in the amount of Five Hundred Thousand ($500,000.00) Dollars for pain and suffering, humiliation and mental anguish. Plaintiff is also entitled to an award of punitive damages.

### SIXTH CAUSE OF ACTION
(Battery)

48. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1-47 herein as though more fully stated hereafter.

49. JetBlue employee Jameel Arrieta's invasive contact with Plaintiff by kneeling down at Plaintiff's seat and forcibly patting his leg as if he were some type of animal and inquiring if he intended to "behave" constitutes harmful and offensive bodily contact.

50. Jameel Arrieta, acting on behalf of JetBlue, intentionally touched Plaintiff under duress

8

and threat of having him deplaned and removed from the Flight 1562, and thereby caused an offensive bodily contact.

51. The offensive bodily contact caused JetBlue offended Plaintiff's reasonable sense of personal dignity.

52. Due to the battery inflicted on Plaintiff by JetBlue, Plaintiff was caused to suffer multiple physical and/or emotional injuries, has required medicines and medical attention and has been prevented and will be prevented from pursuing his usual and ordinary vocation, and has expended or incurred large sums and will be required to expend and incur additional sums for medical and other attention.

53. By reason of the battery inflicted on Plaintiff by JetBlue, Plaintiff has been damaged in the amount of Five Hundred ($500,000.00) Dollars for pain and suffering, humiliation and mental anguish. Plaintiff is also entitled to an award of punitive damages.

### SEVENTH CAUSE OF ACTION
### (Punitive Damages)

54. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1-53 herein as though more fully stated hereafter.

55. JetBlue has misstated and misreported the circumstances of the incident in question in its correspondence of December 12, 2019.

56. Upon information and belief, JetBlue has misrepresented the facts herein in order to gain advantage and leverage in disputing Plaintiff's claims.

57. As set forth herein, JetBlue has acted wantonly and oppressively, and with such malice as implies a spirit of mischief or criminal indifference to civil obligation.

58. By reason of the foregoing, Plaintiff is entitled to an award of exemplary and punitive Damages to be determined upon the trial of this action.

**WHEREFORE**, the Plaintiff demands judgment:

(a) Awarding Plaintiff damages on the First Cause of Action in an amount to be proven at trial, but in no event less than Two Hundred Fifty Thousand Dollars ($250,000.00);

(b) Awarding Plaintiff damages on the Second Cause of Action in an amount to be proven at trial, but in no event less than Two Million Five Hundred Thousand ($2,500,000.00);

(c) Awarding Plaintiff damages on the Third cause of Action in an amount to be proven at trial, but in no event less than Two Hundred Fifty Thousand Dollars ($250,000.00);

(d) Awarding Plaintiff damages on the Fourth Cause of Action in an amount to be proven at trial, but in no event less than One Hundred Thousand Dollars ($500,000.00);

(e) Awarding Plaintiff damages on the Fifth Cause of Action in an amount to be proven at trial, but in no event less than Five Hundred Thousand Dollars ($500,000.00);

(f) Awarding Plaintiff damages on the Sixth Cause of Action in an amount to be proven at trial, but in no event less than Five Hundred Thousand Dollars ($500,000.00);

(g) Awarding Plaintiff exemplary and punitive damages on the Seventh Cause of Action in an amount to be proven at trial, but in no even less than Five Hundred Thousand Dollars ($500,000.00);

(h) Awarding Plaintiff the costs of this suit, including reasonable attorney's fees; and

(i) Awarding Plaintiff such other, further and different relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated:  Brooklyn, New York
        January 3, 2020

                               By: Roger V. Archibald, Esq. (RA 0588)
                               **ROGER VICTOR ARCHIBALD, PLLC**
                               Attorneys for Plaintiff
                               26 Court Street
                               Suite 711
                               Brooklyn, New York 11242
                               (718) 237-1111
                               (718) 237-

# VERIFICATION

**SHAUN LYNDA**, being duly sworn, deposes and says, that I am the plaintiff in the within action. I have read the foregoing SUMMONS IN A CIVIL ACTION & COMPLAINT, and know the contents thereof. The same is true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

*Shaun Lynda*

Sworn to before me this
3 day of Nov, 2020

*Notary Public*

ROGER V. ARCHIBALD
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02AR4989923
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES: 12/22/21

2