Michael Maragoudakis, Esq. (MM8088)
Louis R. Martinez, Esq. (LM9155)
MARTINEZ & RITORTO, P.C.
30 Wall Street, 8th Floor
New York, New York 10005
Tel. (212) 248-0800
*Attorneys for Defendant*
JETBLUE AIRWAYS CORPORATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAUN LYNDA,<br><br>                Plaintiff,<br>   -against-<br><br>JETBLUE AIRWAYS CORPORATION,<br><br>                Defendant. | Case No.: 20-CV-47(BMC)<br><br>**ANSWER OF DEFENDANT JETBLUE AIRWAYS CORPORATION**<br><br>**ECF CASE** |

Defendant JETBLUE AIRWAYS CORPORATION (hereinafter "JETBLUE"), by its attorneys, Martinez & Ritorto, P.C., as and for an Answer to Plaintiff's Complaint herein, respectfully alleges upon information and belief as follows:

       **I.    THE PARTIES**

       1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.

       2.    Denies the truth of the allegations of Paragraph 2 of the Complaint as stated, but Admits that JETBLUE transacts business in the State of New York, with offices at 27-01 Queens Plaza North, Long Island City, N.Y. 11101.

## II. JURISDICTION

3.     The allegations of Paragraph 3 of the Complaint are conclusions of law to which JETBLUE is not required to plead and JETBLUE respectfully refers all questions of law to the Court.

## III. VENUE

4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and JETBLUE respectfully refers all questions of law to the Court.

## IV. STATEMENT OF FACTS

5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint.

6.     Denies the truth of the allegations of Paragraph 6 of the Complaint as stated.

7.     Denies the truth of the allegations of Paragraph 7 of the Complaint as stated.

8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint.

9.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint.

10.    Denies the truth of the allegations of Paragraph 10 of the Complaint.

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint.

12.    Denies the truth of the allegations of Paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint.

14. Denies the truth of the allegations of Paragraph 14 of the Complaint as stated.

15. Denies the truth of the allegations of Paragraph 15 of the Complaint.

16. Denies the truth of the allegations of Paragraph 16 of the Complaint.

17. Denies the truth of the allegations of Paragraph 17 of the Complaint as stated.

18. Denies the truth of the allegations of Paragraph 18 of the Complaint.

19. Denies the truth of the allegations of Paragraph 19 of the Complaint.

20. Denies the truth of the allegations of Paragraph 20 of the Complaint.

21. Denies the truth of the allegations of Paragraph 21 of the Complaint.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

22. Defendant JETBLUE repeats, realleges, and incorporates herein by reference all of the allegations and denials contained in Paragraphs 1 through 21 of the Answer as if fully stated herein.

23. Denies the truth of the allegations of Paragraph 23 of the Complaint as stated.

24. Denies the truth of the allegations of Paragraph 24 of the Complaint as stated.

25. Denies the truth of the allegations of Paragraph 25 of the Complaint.

26. Denies the truth of the allegations of Paragraph 26 of the Complaint.

## SECOND CAUSE OF ACTION
**(Violation of Federal Aviation Act of 1958)**

27. Defendant JETBLUE repeats, realleges, and incorporates herein by reference all of the allegations and denials contained in Paragraphs 1 through 26 of the Answer as if fully stated herein.

28. The allegations of Paragraph 28 of the Complaint are conclusions of law to which JETBLUE is not required to plead and JETBLUE respectfully refers all questions of law to the Court.

29. Denies the truth of the allegations of Paragraph 29 of the Complaint.

30. Denies the truth of the allegations of Paragraph 30 of the Complaint.

31. Denies the truth of the allegations of Paragraph 31 of the Complaint.

## THIRD CAUSE OF ACTION
**(False Imprisonment)**

32. Defendant JETBLUE repeats, realleges, and incorporates herein by reference all of the allegations and denials contained in Paragraphs 1 through 31 of the Answer as if fully stated herein.

33. Denies the truth of the allegations of Paragraph 33 of the Complaint.

34. Denies the truth of the allegations of Paragraph 34 of the Complaint.

35. Denies the truth of the allegations of Paragraph 35 of the Complaint.

## FOURTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**

36. Defendant JETBLUE repeats, realleges, and incorporates herein by reference all of the allegations and denials contained in Paragraphs 1 through 35 of the Answer as if fully stated herein.

37. Denies the truth of the allegations of Paragraph 37 of the Complaint.

38. Denies the truth of the allegations of Paragraph 38 of the Complaint.

39. Denies the truth of the allegations of Paragraph 39 of the Complaint.

40. Denies the truth of the allegations of Paragraph 40 of the Complaint.

## **FIFTH CAUSE OF ACTION**
### **(Assault)**

41. Defendant JETBLUE repeats, realleges, and incorporates herein by reference all of the allegations and denials contained in Paragraphs 1 through 40 of the Answer as if fully stated herein.

42. Denies the truth of the allegations of Paragraph 42 of the Complaint.

43. Denies the truth of the allegations of Paragraph 43 of the Complaint.

44. Denies the truth of the allegations of Paragraph 44 of the Complaint.

45. Denies the truth of the allegations of Paragraph 45 of the Complaint.

46. Denies the truth of the allegations of Paragraph 46 of the Complaint.

47. Denies the truth of the allegations of Paragraph 47 of the Complaint.

## **SIXTH CAUSE OF ACTION**
### **(Battery)**

48. Defendant JETBLUE repeats, realleges, and incorporates herein by reference all of the allegations and denials contained in Paragraphs 1 through 47 of the Answer as if fully stated herein.

49. Denies the truth of the allegations of Paragraph 49 of the Complaint.

50. Denies the truth of the allegations of Paragraph 50 of the Complaint.

51. Denies the truth of the allegations of Paragraph 51 of the Complaint.

52. Denies the truth of the allegations of Paragraph 52 of the Complaint.

53. Denies the truth of the allegations of Paragraph 53 of the Complaint.

## SEVENTH CAUSE OF ACTION
### (Punitive Damages)

54. Defendant JETBLUE repeats, realleges, and incorporates herein by reference all of the allegations and denials contained in Paragraphs 1 through 53 of the Answer as if fully stated herein.

55. Denies the truth of the allegations of Paragraph 55 of the Complaint.

56. Denies the truth of the allegations of Paragraph 56 of the Complaint.

57. Denies the truth of the allegations of Paragraph 57 of the Complaint.

58. Denies the truth of the allegations of Paragraph 58 of the Complaint.

### AS AND FOR A FIRST DEFENSE

59. The Complaint and each purported claim for relief fails to state a claim against JETBLUE upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE

60. PLAINTIFF failed to join persons who ought to be parties or are necessary and/or indispensable to a just adjudication of their claim.

### AS AND FOR A THIRD DEFENSE

61. JETBLUE'S liability is limited according to Article 16 of the New York CPLR or other similar law.

### AS AND FOR A FOURTH DEFENSE

62. The occurrence and damages alleged in the Complaint, if any, were contributed to by the fault, neglect, and want of care of persons or parties other than JETBLUE for whose acts or omissions JETBLUE is not liable or responsible, and any liability or responsibility for damages sustained by PLAINTIFF is thereby barred or, in the alternative, should be apportioned in accordance with applicable law.

**AS AND FOR A FIFTH DEFENSE**

63. If PLAINTIFF was damaged as alleged in the Complaint or otherwise as may be shown, such damages were solely and proximately caused by the independent, intervening, or superseding acts or omissions of other parties or persons for which JETBLUE is not liable or responsible.

**AS AND FOR A SIXTH DEFENSE**

64. The occurrence and damages alleged in the Complaint, if any, were caused in whole or in part by the conduct, assumption of the risk, negligence, and/or lack of due care on the part of PLANTIFF, including, but not limited to, PLAINTIFF's failure to abide by the applicable terms of the contract of carriage, failure to follow the lawful directions of the flight crew and/or gate agents, and failure to abide by applicable Federal Aviation Regulations.

**AS AND FOR A SEVENTH DEFENSE**

65. To the extent that PLAINTIFF sustained damages as alleged in the Complaint, PLAINTIFF failed to mitigate damages as required by applicable law.

**AS AND FOR AN EIGHTH DEFENSE**

66. Pursuant to Rule 44 of the Federal Rules of Civil Procedure, JETBLUE hereby asserts that the claims asserted herein may involve the application of foreign law, including, but not limited to, the law of Barbados.

**AS AND FOR A NINTH DEFENSE**

67. If it is determined that PLAINTIFF received or will with reasonable certainty receive the cost of medical care, custodial care or rehabilitation services, loss of earnings or other economic loss, and that the same shall be replaced or indemnified, in whole or

in part, from any collateral source, then in that event, the assessment of any such cost or expense is hereby pleaded as a collateral source in reduction of the amount of any award obtained herein.

## AS AND FOR A TENTH DEFENSE

68. Plaintiff's alleged injuries were the result of a pre-existing physical and/or medical and/or psychological condition.

## AS AND FOR AN ELEVENTH DEFENSE

69. This action is governed by the Federal Aviation Act of 1958, 49 U.S.C. § 40101 *et seq.*, which preempts state law standards governing aviation safety and flight operations, including, *inter alia*, aviation safety and security.

## AS AND FOR A TWELFTH DEFENSE

70. This action is governed by the Airline Deregulation Act ("ADA"), 49 USCS § 41713, which preempts state law standards governing rates, routes, or services of any air carrier.

## AS AND FOR A THIRTEENTH DEFENSE

71. This action is governed by the Montreal Convention, S. Treaty Doc. No. 106-45, which expressly preempts all other state and federal claims. JETBLUE further claims exemption from liability, or limitation of liability, in accordance with the terms of the Montreal Convention, or other agreements or conditions of carriage and tariff filings.

## AS AND FOR A FOURTEENTH DEFENSE

72. The Complaint fails to state facts sufficient to support a claim for punitive damages, and any claim for punitive damages should therefore be dismissed.

## AS AND FOR A FIFTEENTH DEFENSE

73. PLATINIFF'S claims for punitive damages are barred or limited by the Due Process Clause of the 5th and 14th Amendments of the United States Constitution, and, in the alternative, by any other potentially applicable law.

## AS AND FOR A SIXTEENTH DEFENSE

74. Any award of punitive damages in this case would deprive JETBLUE of property without due process of law in violation of the 14th Amendment to the United States Constitution because the standards for determining whether punitive damages should be awarded on the facts of this case, and for determining the amount of any punitive damages award, are so vague as to make those determinations arbitrary, capricious, and subject to the whim of the Court and the jury and, therefore, fail to give JETBLUE adequate and reasonable notice of the standards of conduct to which it must conform.

## AS AND FOR A SEVENTEENTH DEFENSE

75. JETBLUE reserves its right to assert any and all additional defenses as may be revealed by further investigation and discovery.

WHEREFORE, having fully answered the allegations contained in Plaintiff's Complaint, Defendant JETBLUE demands:

1) judgment dismissing the Complaint;

2) costs and disbursements of this action, including reasonable attorneys' fees; and

3) for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 3, 2020

**MARTINEZ & RITORTO, P.C.**

By /S Michael Maragoudakis
_____
Michael Maragoudakis, Esq. (MM8088)

Louis R. Martinez, Esq. (LM9155)
30 Wall Street, 8th Floor
New York, New York 10005

*Attorneys for Defendant*
JETBLUE AIRWAYS CORPORATION