

March 12, 2020

<u>VIA ECF</u>
Hon. Brian M. Cogan
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Shaun Lynda v. Jet Blue Airways Corporation
              Docket No.: 20-cv-47

Dear Judge Cogan:

      I am counsel for Plaintiff in the above matter. This letter is submitted in response to the Court's request for briefing with respect to whether the Federal Aviation Act of 1958 (the "FAA") preempts Plaintiff's claims against Defendant. I submit that under the facts of this case, such preemption does not apply.

      The FAA permits "an air carrier ... [to] refuse to transport a passenger or property the carrier decides is, or might be, <u>inimical to safety</u>." 49 U.S.C. § 44902(b). An airline's decision to refuse to transport a passenger is given deference, such that "a refusal [to transport] cannot give rise to a claim for damages under either federal or New York State law unless the carrier's decision was <u>arbitrary and capricious</u>." Schaeffer v. Cavallero, 54 F.Supp.2d 350, 351 (S.D.N.Y. 1999); see also Williams v. Trans World Airlines, 509 F.2d 942, 948 (2d Cir.1975). "An airline's discretion to reject a passenger must be accepted if exercised in <u>good faith and for a rational decision</u>. <u>Doe v. Delta Airlines, Inc.</u>, 129 F.Supp3d 23, 38 (S.D.N.Y. 2015) (emphasis supplied); see also <u>Ruta v. Delta Airlines, Inc.</u>, 322 F. Supp. 2d 391, 397 (S.D.N.Y. 2004) ("A court's analysis of the arbitrary and capricious standard [under the FAA] must be based upon "the facts and circumstances as known by the decision-maker at the time he formed his

opinion and whether or not the opinion and decision were arbitrary or capricious in light of those facts and circumstances."

Here, Plaintiff an African-American male, asserts that he boarded Jet Blue Flight #1562 on November 28, 2019 and went directly to his assigned seat. After some delay to the flight, a Caucasian family of four who had requested assistance to find space for their carry-on luggage, was moved up to seats which offered extra leg room. They had been seated in seats adjacent to that of Plaintiff. When Plaintiff inquired of flight attendant "Jameel" why the family was being moved up, he was told "none of your business". A few minutes later, though he did not similarly request to be moved up, Plaintiff was approached by another member of the flight crew (believed to be part of the ground boarding crew) and asked if he wanted to be moved up also. Plaintiff agreed.

However, once he was situated in the new seat, "Jameel", and another flight attendant named "Edgar", protested and insisted that Plaintiff return to his previously assigned seat. A member of the ground boarding crew intervened in an attempt to allow Plaintiff to remain in his new seat, but to no avail. Plaintiff thus complied and returned to his original seat.

A few minutes later, while Plaintiff was sitting quietly in his assigned seat, flight attendant "Jameel" walked up aggressively to Plaintiff, bent down on one knee, began patting Plaintiff on his knee and said "are you going to behave yourself?". Plaintiff replied: "why would I not behave myself? I'm an educated man. I have no reason not to behave myself." Thereafter, "Jameel" got up and raced to the cockpit.

The next thing Plaintiff experienced was being told by members of the ground boarding crew that the captain directed his removal. Plaintiff complied and began to disembark the plane without incident. As he was leaving, other passengers remarked that they believed Plaintiff had done nothing wrong to merit the removal. Plaintiff recorded some of those statements.

It appears that the captain made the decision to remove Plaintiff at the suggestion of "Jameel", who acted in contrast to the other ground boarding crew who spoke out against the removal. The removal also was contrary to many other passengers who likewise asserted that Plaintiff had done nothing wrong to merit the removal.

The above facts indicate there was no rational basis under which Defendants might allege that Plaintiff's removal was made in good faith, either for safety concerns or for some other rational reason. As such, the removal was per se arbitrary and capricious. Under the precedents cited above, the FAA cannot be used by Defendant to insulate it from liability. In fact, a private right of action such as that asserted by Plaintiff herein, are specifically permitted where a carrier's removal decision was arbitrary and capricious.

Respectfully submitted,

Roger V. Archibald

cc: Michael Maragoudakis, Esq
Louis R. Martinez, Esq.
Martinez & Ritorto, P.C.
30 Wall Street, 8th Floor
New York, N.Y. 10005
Attys. For Defendant
Jetblue Airways Corp.