Case No.: 20-cv-47(BMC)

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

SHAUN LYNDA,

Plaintiff,

- against -

JETBLUE AIRWAYS CORPORATION,

Defendant.

---

## MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

ROGER V. ARCHIBALD, PLLC
Roger V. Archibald, Esq.
Attorneys for Plaintiff
26 Court Street, Suite 711
Brooklyn, NY 11242
(718) 237-1111

Dated: April 10, 2020
Brooklyn, NY

# TABLE OF CONTENTS

TABLE OF AUTHORITIES......................................................................................ii

PRELIMINARY STATEMENT............................................................................1

STATEMENT OF FACTS......................................................................................1

ARGUMENT...........................................................................................................3

## POINT I

THE LEGAL STANDARD APPLICABLE TO FRCP 12(b)(6) FAVORS DENIAL OF DEFENDANT'S MOTION.................................................................3

## POINT II

GIVEN DEFENDANT'S ARBITRARY AND CAPRICIOUS DECISION TO REMOVE PLAINTIFF FROM FLIGHT #1562, THE FEDERAL AVIATION ACT OF 1958 DOES NOT PREEMPT PLAINTIFF'S PRIVATE RIGHT OF ACTION...................................................................................................................4

## POINT III

DEFENDANT IS NOT ENTITLED TO AVAIL ITSELF OF THE PROVISIONS OF THE MONTREAL CONVENTION WHICH EXCLUDE OR LIMIT ITS LIABILITY, GIVEN THE WRONGFUL REMOVAL OF PLAINTIFF ...................................................................................................................................6

CONCLUSION ........................................................................................................7

# TABLE OF AUTHORITIES

Cases                                                                                                      Page

Anderson News, L.L.C. v. Am. Media, Inc., 680 F.3d 162 (2d Cir. 2012)..........................................................................................................3

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) ..........................................................................................................7

Doe v. Delta Airlines, Inc., 129 F.Supp3d 23 (S.D.N.Y. 2015) ..........................................................................................................5

Elias v. Rolling Stone LLC, 872 F.3d 97 (2d Cir. 2017) ..........................................................................................................3

Harris v. Mills, 572 F.3d 66 (2d Cir. 2009) ..........................................................................................................7

Schaeffer v. Cavallero, 54 F.Supp.2d 350 (S.D.N.Y. 1999) ..........................................................................................................5

Williams v. Trans World Airlines, 509 F.2d 942 (2d Cir.1975) ..........................................................................................................5

## TREATY AND STATUTE

Montreal Convention, Article 21……………………………………………………………........6

FRCP 12(b)(6)………………………………………………………………………………….3

## PRELIMINARY STATEMENT

Plaintiff Shaun Lynda ("Plaintiff") submits this Memorandum of Law in opposition Defendant JetBlue Airways Corporation's ("Defendant') motion pursuant to FRCP 12(b)(6) seeking to dismiss the Complaint herein.

There has been no discovery in this matter to date.

## STATEMENT OF FACTS

Plaintiff boarded JetBlue Flight #1562 on November 28, 2019 and went directly to his assigned seat. (Complaint at par. 6) After some delay to the flight, a family of four who were rearranging their seats, was moved up to seats which offered extra leg room. They had been seated in seats adjacent to that of Plaintiff. When Plaintiff inquired of fight attendant "Jameel Arrieta" why the family was being moved up, he was told "none of your business". (Complaint at par. 8) A few minutes later, though he did not similarly request to be moved up, Plaintiff was approached by another member of the flight crew (believed to be part of the ground boarding crew) and asked if he wanted to be moved up also. Plaintiff agreed. (Complaint at par. 9)

However, once he was situated in the new seat, "Jameel Arrieta"protested and insisted that Plaintiff return to his previously assigned seat. (Id.) Plaintiff complied and returned to his original seat without resistance. (Id.)

A few minutes later, while Plaintiff was sitting quietly in his assigned seat, flight attendant "Jameel Arrieta" without provocation, approached Plaintiff, knelt down on one knee, began patting Plaintiff on his leg and said "are you going to behave yourself?". (Complaint at par. 10) Plaintiff replied : "why would I not behave myself? I'm an educated man. I have no reason not to behave myself." Thereafter, "Jameel Arrieta" got up and raced to the cockpit to speak with captain "Jeremy Ingram Clay". (Complaint at par. 11)

The next thing Plaintiff experienced was being told by members of the crew that he had been ordered to deplane. Plaintiff complied and began to disembark the plane without incident. (Complaint at pars. 12-13)

As he was leaving, other passengers remarked that they believed Plaintiff had done nothing wrong to merit the removal. Plaintiff recorded some of those statements. (See video appended as Exhibit "A")

It appears the captain made the decision to remove Plaintiff at the exclusive suggestion of "Jameel Arrieta".

Plaintiff filed the within Complaint as of January 3, 2020.

# ARGUMENT

## POINT I

### THE LEGAL STANDARD APPLICABLE TO FRCP 12(b)(6) FAVORS DENIAL OF DEFENDANT'S MOTION

In the context of a motion to dismiss brought under FRCP 12(b)(6), this Court is well aware that it must construe the Complaint liberally, accept all factual allegations as true, and "draw all reasonable inferences in favor of the plaintiff." Elias v. Rolling Stone LLC, 872 F.3d 97, 104 (2d Cir. 2017); see also Anderson News, L.L.C. v. Am. Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012) ("A court ruling on [a motion to dismiss] may not properly dismiss a complaint that states a plausible version of the events merely because the court finds a different version more plausible.").

Here, Plaintiff has pled detailed allegations that are facially plausible and provide a basis for relief. Moreover, since defendant acted wrongfully when removing Plaintiff, the protections of the Montreal Convention do not apply to insulate Defendant from liability, as demonstrated below.

Accordingly, the Court must deny Defendant's motion to dismiss in its entirety.

## POINT II

GIVEN DEFENDANT'S ARBITRARY AND CAPRICIOUS DECISION TO REMOVE PLAINTIFF FROM FLIGHT #1562, THE FEDERAL AVIATION ACT OF 1958 DOES NOT PREEMPT PLAINTIFF'S PRIVATE RIGHT OF ACTION

Defendant categorically misstates the facts in regard to Plaintiff's behavior on Flight #1562 in an apparent attempt to assert a defense based on the FAA. This argument is flawed. There was absolutely no basis for the captain to have concluded that "Plaintiff's behavior became disruptive", as Defendant falsely asserts in its memorandum at page six. Defendant even goes so far as to cite to the Complaint at paragraphs 12-13 to support this false "disruptive behavior" claim.

Paragraphs 12-13 of the Complaint actually state very clearly:

> 12. Plaintiff was then refused passage and ordered to deplane by Defendant without sufficient investigation, reason, cause or justification despite asking to speak to the Captain, Jeremy Ingram Clay.
>
> 13. Plaintiff was escorted from JetBlue Flight 1562 at the behest of Defendant by the police and was brought to Immigration, held in custody, questioned and eventually led outside of the Grantley Adams International Airport by the police.

Notwithstanding the above paragraphs 12 & 13, Defendant doubles-down on the false "disruptive behavior" narrative when it cites to cases insulating an airline where such behavior was uncontroverted. (See memorandum at p. 5 and Defendants reliance on <u>Dogbe</u>, <u>Ginsberg</u> and <u>Cush</u> (etc.) for the proposition that a

4

"removal cannot be considered an "accident" when the passenger's disturbance caused the removal.")

Defendant's assertion that Plaintiff was "disruptive" is mere fabrication and clearly not based on Plaintiff's Complaint. There is evidence that even while leaving the plane, other passengers remarked that they believed Plaintiff had done nothing wrong to merit the removal. These statements were recorded by Plaintiff. (See video appended as Exhibit "A")

The fact of the matter is that Plaintiff "never raised his voice" throughout this whole ordeal. (See Complaint at par. 11)

Court's in this circuit accordingly have held that while an airline's decision to refuse to transport a passenger is given deference, such "a refusal [to transport] cannot give rise to a claim for damages under either federal or New York State law unless the carrier's decision was arbitrary and capricious." Schaeffer v. Cavallero, 54 F.Supp.2d 350, 351 (S.D.N.Y. 1999); see also Williams v. Trans World Airlines, 509 F.2d 942, 948 (2d Cir.1975) ("An airline's discretion to reject a passenger must be accepted if exercised in good faith and for a rational decision.") and Doe v. Delta Airlines, Inc., 129 F.Supp3d 23, 39 (S.D.N.Y. 2015) ("To determine if an airline's decision was "arbitrary and capricious," a court must analyze 'the facts and circumstances as known by the decision-maker at the time

5

he formed his opinion and whether or not the opinion and decision were arbitrary or capricious in light of those facts and circumstances.'")

Here, the facts of Defendant's arbitrary and capricious removal of Plaintiff must be viewed in the light most favorable to Plaintiff. And in doing so, this Court must deny the motion to dismiss in every respect.

POINT III

DEFENDANT IS NOT ENTITLED TO AVAIL ITSELF OF THE PROVISIONS OF THE MONTREAL CONVENTION WHICH EXCLUDE OR LIMIT ITS LIABILITY, GIVEN THE WRONGFUL REMOVAL OF PLAINTIFF

The Montreal Convention clearly states the consequences and implications of Defendant's arbitrary and capricious removal of Plaintiff.

As set forth in Article 21 - Compensation in Case of Injury or Death to Passengers:

1. For damages arising under paragraph 1 of Article 17 not exceeding 100 000 Special Drawing Rights for each passenger, the carrier shall not be able to exclude or limit its liability.

2. The carrier shall not be liable for damages arising under paragraph 1 of Article 17 to the extent that they exceed for each passenger 100 000 Special Drawing Rights **if the carrier proves that**:

    a) such damage was not due to the negligence or other **wrongful act** or omission of the carrier or **its servants or agents**; or

6

b) such damage was solely due to the negligence or other wrongful act or omission of a third party.

The foregoing explains why Defendant went to great lengths to misstate the facts surrounding Plaintiff's conduct and his removal, obviously attempting to sidestep their wrongful acts and the implications thereto under Article 21.

Article 21, under its plain and unambiguous reading, does NOT insulate Defendant from liability when it acts in a wrongful manner, as in this case. Plaintiff's claims are not preempted by the Montreal Convention since Defendant acted with unclean hands; namely the wrongful, arbitrary and capricious removal of Plaintiff from the plane.

Under the facts as set forth in the Complaint, which must be construed in Plaintiff's favor, coupled with the implications of Article 21, Defendant's motion to dismiss must be denied. The Court must not overlook this critical issue. See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (Determining whether a complaint states a plausible claim for relief is a context-specific task that "requires the reviewing court to draw on its judicial experience and common sense.")

## CONCLUSION

For all the foregoing reasons, Defendant's motion to dismiss should be denied in every respect. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007) (A motion to dismiss should be granted only if the plaintiff does not plead sufficient facts to state a claim to relief that is plausible on its face.)

Respectfully,

Dated:    Brooklyn, NY
             April 10, 2020

                                        ROGER V. ARCHIBALD, PLLC

                                        By: _____
                                        Roger V. Archibald, Esq. (RA-0588)
                                        Attorneys for Plaintiff
                                        26 Court Street, Suite 711
                                        Brooklyn, NY 11242
                                        (718) 237-1111

To:    Martinez & Ritorto, P.C.
        Michael Maragoudakis, Esq.
        Louis R. Martinez, Esq.
        Attorneys for Defendant
        30 Wall Street, 8th Floor
        New York, NY 10005
        (212) 248-0800