UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAUN LYNDA,<br><br>      Plaintiff,<br>  -against-<br><br>JETBLUE AIRWAYS CORPORATION,<br><br>      Defendant. | Case No.:<br>20-CV-47(BMC)<br><br><br>ECF CASE |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
JETBLUE AIRWAYS CORPORATION'S MOTION TO DISMISS**

Michael Maragoudakis (MM8088)
Louis R. Martinez (LM9155)
MARTINEZ & RITORTO, P.C.
30 Wall Street, 8th Floor
New York, New York 10005
Tel. (212) 248-0800

*Attorneys for Defendant*
JETBLUE AIRWAYS CORPORATION

**PRELIMINARY STATEMENT**

Defendant JETBLUE AIRWAYS CORPORATION (hereinafter "JetBlue"), by its attorneys, MARTINEZ & RITORTO, P.C., submits this Reply Memorandum of Law in further support of its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In his Opposition, Plaintiff fails to directly address JetBlue's arguments set forth in its moving Memorandum of Law, and instead attempts to mislead the Court by obfuscating the facts and mischaracterizing the case law relied upon by JetBlue in its moving papers. Nevertheless, the case law demonstrates that the Montreal Convention provides the exclusive remedy for airline passengers injured during the course of international travel. Significantly, Plaintiff does not refute the fact that he did not incur a bodily injury—a prerequisite for recovery under the Montreal Convention. Therefore, Plaintiff cannot recover under the Montreal Convention for his alleged injuries and his claims fail as a matter of law. Furthermore, Plaintiff fails to establish a private right of action under the Federal Aviation Act of 1958 ("FAA"). Thus, his Complaint against JetBlue must be dismissed in its entirety.

**ARGUMENT**

**POINT I**

**PLAINTIFF FAILS TO DEMONSTRATE THAT HE IS ENTITLED TO RECOVERY UNDER THE MONTREAL CONVENTION AS A MATTER OF LAW**

A. <u>All Of Plaintiff's Claims Are Preempted by the Montreal Convention</u>

In his Opposition, Plaintiff nakedly asserts that the Montreal Convention does not preempt his claims because "Defendant acted with unclean hands. . . ." (<u>See</u> Plaintiff's Opposition, Docket No. 14 at p. 7). However, Plaintiff cites no law for this proposition. A review of the case law makes clear that Plaintiff's argument lacks merit. Indeed, Plaintiff's

Opposition conveniently ignores the fact that courts in this Circuit have consistently held that the Montreal Convention provides the exclusive remedy for injuries suffered in the course of international transportation. See, e.g., Dogbe v. Delta Air Lines, Inc., 969 F. Supp. 2d 261, 268 (E.D.N.Y. 2013); Mateo v. Jetblue Airways Corp., 847 F. Supp. 2d 383, 386-87 (E.D.N.Y. 2012) ("the Montreal Convention is the exclusive means of redressing injuries that fall within its purview."); Vumbaca v. Terminal One Grp. Ass'n, L.P., 859 F. Supp. 2d 343, 362 (E.D.N.Y. 2012) ("The remedy the Convention provides against international air carriers and their agents is exclusive."); Ginsberg v. Am. Airlines, No. 09-CV-3226, 2010 U.S. Dist. LEXIS 107688, at *10 (S.D.N.Y. Sep. 27, 2010) ("The Montreal Convention thus provides the exclusive remedies for claims within its scope."). Moreover, the Court in Booker v. BWIA W. Indies Airways, specifically rejected Plaintiff's argument that a defendant's willful misconduct creates an exception to the applicability of the Montreal Convention. Booker v. BWIA W. Indies Airways, No. 06-CV-2146, 2007 U.S. Dist. LEXIS 33660 at *8-9 (E.D.N.Y. May 8, 2007). In Booker, the court explained:

> Plaintiff argues that defendant engaged in willful misconduct and that therefore, the Montreal Convention does not apply. Plaintiff has cited to no case law, nor is the Court aware of any, which holds that willful misconduct creates an exception to the applicability of the Montreal Convention. . . . In fact, case law reflects just the opposite of plaintiff's contention.

Id. Thus, it is clear in the instant case that [contrary to Plaintiff's bald assertion,] the Montreal Convention preempts all of Plaintiff's claims.

### B. **Plaintiff Fails to State a Claim Under the Montreal Convention, as there was no "Accident" or "Bodily Injury"**

As stated in JetBlue's Moving Memorandum of Law, Article 17 of the Montreal Convention provides: "[t]he carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took

place on board the aircraft or in the course of any of the operations of embarking or disembarking." (See Exhibit A[1], Montreal Convention). An "accident occurs only if a passenger's injury is caused by an unexpected or unusual event or happening that is external to the passenger." Dogbe, 969 F. Supp. 2d at 271-72 (quoting Cush v. BWIA Int'l Airways Ltd., 175 F. Supp. 2d 483, 487 (E.D.N.Y. 2001)).

In his Opposition, Plaintiff first attempts to fault JetBlue for relying on case law such as Dogbe, Ginsberg, and Cush in its Montreal analysis, under the theory that those cases are distinguishable because the disruptive behavior described in those cases was uncontroverted. (See Plaintiff's Opposition, Docket No. 14 at pp. 4-5). However, while JetBlue disagrees with Plaintiff's characterization of the facts of those cases, a careful reading of JetBlue's argument demonstrates that Plaintiff's objection is misplaced. It is clear from Plaintiff's Complaint that: 1) Plaintiff was ordered to leave the aircraft by JetBlue Captain Clay after conferring with Flight Attendant Arrieta; 2) Plaintiff, instead of leaving the aircraft, requested to speak to the Captain; and 3) Plaintiff's behavior became disruptive to such a degree that the authorities were called to escort him off the aircraft. (Docket No. 1, Complaint at ¶¶ 12-13). Thus, the case law cited by JetBlue is completely consistent with the fact that Plaintiff's alleged injuries were not proximately caused by an "unexpected or unusual event," but by Plaintiff's own behavior and, therefore, not caused by an "accident" under Article 17 of the Montreal Convention. Plaintiff's attempts to downplay the characterization of his behavior are a complete red herring, and have no bearing on the applicability of the Montreal Convention.

---

[1] Exhibit A referenced herein is appended to the Affirmation of Michael Maragoudakis in Support of JetBlue's Motion to Dismiss [Docket No. 13].

Furthermore and most significantly, while Plaintiff disputes the extent of his disruptive behavior onboard the aircraft,[2] he fails to address a key argument presented in JetBlue's Motion to Dismiss, namely that Plaintiff cannot recover for purely mental or psychological injuries under the Montreal Convention. Article 17 of the Montreal Convention limits recovery to "bodily injuries" that are the result of an "accident." Dogbe, 969 F. Supp. 2d at 275. The bodily injuries must be physical injuries, as "[e]motional injuries…are not recoverable under the Montreal Convention unless they were caused by physical injuries." Booker, 2007 U.S. Dist. LEXIS 33660 at *12; see also El Al Isr. Airlines v. Tseng, 525 U.S. 155, 172 (1999) (passenger could not recover for her solely psychic or psychosomatic injuries); Ehrlich v. Am. Airlines, Inc., 360 F.3d 366, 385 (2d Cir. 2004) (an air carrier is liable for psychological injuries only to the extent that they were caused by bodily injuries). Plaintiff's Opposition never addresses this glaring hole in his claim, but instead attempts to mislead the Court by directing its attention to irrelevant language contained in Article 21 of the Montreal Convention. (See Plaintiff's Opposition, Docket No. 14 at pp. 6-7). However, notwithstanding Plaintiff's misapprehension of Article 21, its language explicitly demonstrates that it only applies to damages recoverable under Article 17. (See Exhibit A, Montreal Convention at Article 21). As demonstrated above, because Plaintiff did not incur a "bodily injury" as a result of an "accident," Article 21 of the Montreal Convention is of no moment. Therefore, for all the foregoing reasons, Plaintiff's Complaint against JetBlue must be dismissed as a matter of law.

---

[2] In his Opposition, Plaintiff references a video attached thereto as Exhibit A. (See Plaintiff's Opposition, Docket No. 14 at p. 2). However, no video has been uploaded to the Docket or appended as an Exhibit to an Affirmation of Counsel, and JetBlue has not been provided with a copy of the video for its consideration. Moreover, evidence outside of the pleading is generally not considered on a Motion to Dismiss under F.R.C.P. 12(b)(6). (See Vailette v. Lindsay, 11-CV-3610, 2014 U.S. Dist. LEXIS 114701, at *8 (E.D.N.Y. Aug. 14, 2014) ("a court considering a Rule 12(b)(6) motion to dismiss for failure to state a claim generally may not consult evidence outside the pleadings."). Nevertheless, while JetBlue is of the view that the purported contents of the video as described by Plaintiff are irrelevant to the Court's analysis under the Montreal Convention, JetBlue reserves its right to more fully address the issue should the Court ultimately decide to consider the video as part of the Motion.

**POINT II**

**PLAINTIFF FAILS TO DEMONSTRATE THAT A PRIVATE RIGHT OF ACTION EXISTS FOR VIOLATION OF THE FEDERAL AVIATION ACT OF 1958**

As stated in JetBlue's Moving Memorandum of Law, courts in this Circuit have consistently held that there is no private right of action under the FAA.[3]  See Weiss v. El Al Isr. Airlines, Ltd., 433 F. Supp. 2d 361, 371 (S.D.N.Y. 2006) ("[T]he sole enforcement mechanism intended for a violation of the regulations at issue (and the FAA in general) is a civil action commenced by the Secretary of Transportation or Attorney General."); see also Mutlu v. Jetblue Airways Corp., 08 Civ. 4887, 2009 U.S. Dist. LEXIS 60164 at *16 (S.D.N.Y. Mar. 31, 2009) (same).  Indeed, in Goonewardena v. AMR Corp., the Court held that it would be impossible for Plaintiff to bring his claims under the FAA because the FAA does not provide a private right of action.  See Goonewardena v. AMR Corp., 08-CV-4141, 2008 U.S. Dist. LEXIS 96013 at *6 (E.D.N.Y. Nov. 25, 2008).

In his Opposition, Plaintiff utterly ignores JetBlue's argument in this regard, and presents no case law to rebut this proposition.  Instead, Plaintiff argues that the FAA does not preempt his claim because JetBlue's actions were purportedly arbitrary and capricious.  (See Plaintiff's Opposition, Docket No. 14 at pp. 4-6).  While JetBlue disagrees with Plaintiff's characterization of its actions, Plaintiff's argument is nevertheless without merit, as no such private right of action exists in the first instance.  Thus, it is clear that Plaintiff does not have a valid cause of action for violation of the FAA.

In sum, because all causes of action lack merit, Plaintiff's Complaint against JetBlue must be dismissed as a matter of law.

---

[3] While there is no private right of action under the FAA, JetBlue notes that, as stated in its moving Memorandum of Law, any such claim would nevertheless be preempted by the Montreal Convention.  (See JetBlue's Moving Memorandum of Law, Docket No. 13 at p. 4, n3).  Therefore, Plaintiff's argument in this regard is moot as well.

## **CONCLUSION**

For all of the foregoing reasons, Defendant JETBLUE AIRWAYS CORPORATION respectfully requests this Honorable Court enter an Order dismissing Plaintiff's Complaint against it and for such other and further relief as this Honorable Court deems just and proper.

Dated: New York, New York
      April 21, 2020

**MARTINEZ & RITORTO, P.C.**

/S Michael Maragoudakis
By _____
Michael Maragoudakis (MM8088)

Louis R. Martinez (LM9155)
30 Wall Street, 8th Floor
New York, New York 10005
(212) 248-0800

*Attorneys for Defendant*
JETBLUE AIRWAYS CORPORATION